IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFFREY TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-00156-WS-N |
| | ) | |
| WANDA LIGHTNER, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Pending before this Court are Petitioner Jeffrey Taylor's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 4), Respondent Cynthia Wheeler's Answer (Doc. 12), and Petitioner's Responses to two Orders of this Court (Docs. 6 and 14). This matter is now ripe for the Court's consideration and has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases, and Local Rule 72.2(c)(4). For the reasons explained herein, it is **RECOMMENDED** that Petitioner's Petition (Doc. 4) be **DENIED** and that the Court find he is not entitled to a certificate of appealability and therefore is not entitled to appeal *in forma pauperis*.

### I. Underlying State Proceedings

On April 17, 2007, Petitioner pled guilty in Elmore County Circuit Court to three counts of third-degree burglary, two counts of unlawful breaking and entering of a vehicle, one count of second-degree burglary, one count of third-degree burglary,

and one count of (misdemeanor) third degree theft of property. Doc. 12-2 at 23-24. He was sentenced to a 20-year prison term for each of the seven felony convictions and a 1-year term for the misdemeanor conviction, all to be served concurrently. *Id.* at 24. He did not appeal his conviction. *Id.* The 42-day period for appeal expired on May 29, 2007. *Id.*; *see* ALA. R. APP. P. 4(b)(1).

Nearly two years later, on March 22, 2009, Petitioner sought post-conviction relief in the state courts under ALA. R. CRIM. P. 32, attacking his conviction on several grounds, including claims that his plea was involuntary, that the trial court lacked jurisdiction, and that his counsel gave ineffective assistance, and that the prosecution failed to disclose favorable evidence to him. Doc. 12-2 at 24-28. The Rule 32 Petition was dismissed by the trial court as time-barred. Doc. 12-2 at 33. On April 23, 2010, the Alabama Court of Criminal Appeals affirmed the ruling and entered a certificate of judgment. Docs. 12-1; 12-5 at 5. Approximately four years later, on April 16, 2014, Petitioner filed the instant petition seeking federal habeas corpus relief from his state conviction. *See* Doc. 4.

## II. Collateral Attack

*A. Period of Limitations*

Petitioner alleges that his conviction should be vacated or his sentence reduced because of an involuntary plea and because of "wrongful convictions." Doc. 1 at 6-7. However, his claim is time-barred under the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA) that amended 28 U.S.C. § 2244.[1] Specifically, § 2244 now states in pertinent part that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Since this case does not involve an impediment to filing an application, a new constitutional right, or recently discovered facts, the latest date of the four iterated for the running of the limitation period is that on which the judgment against petitioner became final. *See* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek direct appeal from his conviction or sentence in state court, his conviction became final for the purposes of seeking a § 2254 writ when the time expired for him to seek such review. *Id. accord Jones v. Secretary, Fla. Dept. of Corrections*, 499 Fed. Appx. 945, 950 (11th Cir. 2012). Since the time-period for appealing a circuit court

---

[1] The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir.1998).

conviction in Alabama is 42 days (ALA. R. APP. P. 4(b)(1)), the one-year statute of limitations for filing a § 2254 petition began to run on May 29, 2007. *See* Doc. 1-1 at 26, 48; *see also Jones*, 499 Fed. Appx. at 950 *accord Kearse v. Secretary, Fla. Dept. of Corrections*, 736 F.3d 1359, 1360 (11th Cir. 2013).

*B. Statutory Tolling*

The running of the limitations period is tolled by statute while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, Petitioner's Rule 32 petition was not filed in state court until March 22, 2009, well after the one-year limitations period had already expired.[2] *See* Doc. 12 at 3; Doc. 12-2 at 24. Thus, the Rule 32 petition does not act to toll the limitations period. *See Lugo v. Secretary, Fla. Dept. of Corrections*, 750 F.3d 1198, 1208 (11th Cir. 2014) (stating that where a state petition for post-collateral review is filed after the limitations period has expired, it does "not operate to toll the limitations period under § 2244(d)(2) because no period remain[s] to be tolled."). Petitioner did not file this action until April 16, 2014, long after the limitations period imposed by 28 U.S.C. § 2244(d)(1) had run. Thus, he is not entitled to statutory tolling of the limitations period adequate to make his claim timely.

*C. Equitable Tolling*

---

[2] Taylor's time for seeking federal habeas relief expired on May 28, 2008. Taylor was sentence on April 17, 2007 (*see* Doc. 12-2 at 24), and his time for appeal lapsed 42 days later on May 29, 2007. *See* ALA. R. APP. P. 4(b)(1). A petition for habeas corpus review must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expirate of the time for seeking such review. 28 U.S.C. § 2244(d)(1).

The Petitioner is also not entitled to equitable tolling, despite his allegation of mental incompetency during and following trial. *See* Doc. 4 at 12. Equitable tolling of the AEDPA's one-year limitations period is only "appropriate when a prisoner demonstrates both extraordinary circumstances that prevented him from timely filing his motion to vacate and due diligence." *Manders v. United States*, 2012 WL 72737, at *4 (M.D.Fla. Jan. 10, 2012) (citations omitted); *accord* Foley v. United States, 420 Fed. App'x 941, 942 (11th Cir. 2011) (per curiam) ("[E]quitable tolling 'is available only if a [prisoner] establishes *both* extraordinary circumstances and due diligence.'" (quoting *Diaz v. Secretary of Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) (emphasis in *Diaz* ))); *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." (citation and internal quotation marks omitted)). Specifically, "[i]n the § 2255 context, equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' . . . 'The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction.' . . . The *petitioner has the burden* of proving entitlement to equitable tolling by showing that 'extraordinary circumstances that were both beyond his control and unavoidable even with diligence' prevented filing the petition on time." *Jones v. United State*s, 304 F.3d 1035, 1039–40 (11th Cir. 2002) (emphasis in

5

original), cert. denied,538 U.S. 947 (2003); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir.2003) ("We have held that equitable tolling is appropriate when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence . . . . We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances . . . . Appellant bears the burden of establishing that he is entitled to this extraordinary relief."), *aff'd,* 544 U.S. 295 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir.2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citation omitted)); *Diaz*, 362 F.3d at 700–01 ("Equitable tolling is to be applied when " 'extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling."); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.2000) ("Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' "); *cf. Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("We [ ] conclude that in the proper case § 2255's period of limitations may be equitably tolled. This is not, however, a proper case. Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with

6

diligence." (citations omitted)).

The Petitioner's only allegation concerning his mental incompetency is that the period of limitations should be tolled "[b]ecause I was incompetency at trial and incarcerated and still incompetency to do this petition." (sic) Doc. 4 at 12. Petitioner offers no evidence as to his alleged incompetency and makes no allegation as to the causal connection between his alleged incompetency and his ability to bring this petition.

In this Circuit, significant mental health impairments may indeed be considered extraordinary circumstances in a proper case.

> In *Hunter v. Ferrell*, 587 F.3d 1304 (11th Cir. 2009), the Eleventh Circuit held that a person with a substantial mental illness, such as mental retardation, may be granted equitable tolling of the one-year period for filing a federal habeas petition. In order to avail oneself of equitable tolling, a prisoner must present sufficient evidence to create a factual issue as to whether there is a casual connection between the prisoner's mental incapacity and his ability to timely file a habeas petition. *Id.* at 1308; *see also Mendez v. United States*, 2011 WL 5555876, at *6–7 (M.D.Fla. Oct. 27, 2011).

*Manders*, 2012 WL 72737, at *4 (emphasis added and citation modified).

In *Mendez*, the court discussed *Hunter*'s causal connection requirement in light of the Eleventh Circuit's earlier decision in *Lawrence v. Florida*, 421 F.3d 1221 (11th Cir.2005), *aff'd* 549 U.S. 327 (2007). *See* 2011 WL 5555876, at *6–7. In *Lawrence*, the petitioner "contend[ed] that his mental incapacity prevented him from

7

timely filing and justifie[d] the invocation of equitable tolling." 421 F.3d at 1226. The Eleventh Circuit found, however, that Lawrence could not "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Id.*

> Lawrence admits in his appellate brief that medical reports state that his full scale IQ is 81, and he admits that he did not make the assertion that he was mentally incompetent per se. Instead, Lawrence claims that his initial pleading made it clear that he has suffered from mental impairments his entire life. However, this contention, without more, is insufficient to justify equitable tolling.

*Id.* at 1226–27 (collecting authority)[3]; *see also Cutts v. Jones*, 2009 WL 230091, at *7 (M.D.Ala. Jan. 30, 2009).[4] In *Mendez*, similarly, neither the petitioner's PSI nor his

---

[3] In affirming the Eleventh Circuit's decision, Justice Thomas, writing for the Supreme Court's five-member majority, quickly dispatched Lawrence's equitable tolling mental incapacity argument: "Fourth, Lawrence argues that his mental incapacity justifies his reliance upon counsel and entitles him to equitable tolling. Even assuming this argument could be legally credited, Lawrence has made no factual showing of mental incapacity. In sum, Lawrence has fallen far short of showing 'extraordinary circumstances' necessary to support equitable tolling." 549 U.S. at 337.

[4] In *Cutts,* Magistrate Judge Moorer's recommendation, adopted by Judge Thompson, provides the following lengthy string cite, which illustrates the importance of establishing a causal connection between the alleged mental impairment and the ability to timely pursue a collateral attack:

> Cutts' reference to his mental impairment as an implicit basis for equitable tolling entitles Cutts to no relief as he has failed to establish a causal connection between the alleged mental impairment and his ability to file a timely federal habeas petition. *Lawrence v. Florida,* 421 F.3d 1221, 1226 (11th Cir.2005); *Bilbrey v. Douglas,* 124 Fed. App'x 971, 973 (6th Cir.2005) (equitable tolling not applicable because petitioner "failed to establish a causal connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley,* 116 Fed. App'x 749, 751 (7th Cir.2004) (equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson,* 262 F.3d 1135, 1145 (10th Cir.2001) (petitioner's mere allegations of incompetency at the time of his guilty pleas did not suffice to warrant equitable tolling of the

medical records, "which indicate[d] that he may have suffered from mental impairments his entire life," were "sufficient to justify equitable tolling." *See* 2011 WL 5555876, at *6. In contrast to *Hunter*, where "the court found that the doctor's report 'strongly suggests that Hunter's well-documented, irreversible mental retardation is severe enough that Hunter, by himself, is not able to understand and comply with the AEDPA's filing requirements and deadlines[,]' " *id.* at *7 (quoting 587 F.3d at 1309 (emphasis added)), *Mendez*, like the Petitioner here, had "not been diagnosed as mentally retarded." *Id.*

The Petitioner has also not provided any evidence to show that a significant

---

limitations period); *Lake v. Arnold,* 232 F.3d 360, 371 (3rd Cir.2000) (mental deficiency, including even mental incompetence, standing alone, not sufficient reason to toll limitations period); *see also Smith v. Newsome,* 876 F.2d 1461, 1466 (11th Cir.1989) (where petitioner understood nature and consequences of state proceedings and acted throughout in a rational manner, "general mental condition" does not excuse failure to act in accordance with applicable procedural rules); *Farabee v. Johnson,* 129 Fed. App'x 799, 804 (4th Cir.2005) (petitioner presented no evidence demonstrating "his mental illness interfered with his ability to appreciate his litigation position or to make rational decisions concerning the litigation" and, therefore, failed to establish that mental illness caused his several procedural defaults); *Harris v. McAdory,* 334 F.3d 665, 669–70 (7th Cir.2003) (neither borderline mental retardation nor frontal lobe brain dysfunction sufficient to warrant relief from a procedural bar); *Ervin v. Delo,* 194 F.3d 908, 916 (8th Cir.1999) (petitioner's "alleged depression could not amount to cause excusing [petitioner's] procedural default" where the "alleged depression did not hinder his ability to file a pro se postconviction motion."); *Holt v. Bowersox,* 191 F.3d 970, 974 (8th Cir.1999) (absent "conclusive showing that mental illness interfered with a petitioner's ability to appreciate his ... position and make rational decisions regarding his ... case at the time during which he ... should have pursued post-conviction relief[,]" mental illness does not excuse procedural default); *Cornman v. Armontrout,* 959 F.2d 727, 729 (8th Cir.1992) (petitioner's below-average intelligence insufficient to justify relief from a procedural bar); *Tacho v. Martinez,* 862 F.2d 1376, 1381 (9th Cir.1988) (petitioner's diagnosis as a "borderline mental defective" fails to establish cause for excusing a procedural default). A petitioner must make a threshold showing of mental incompetence, *see Calderon v. United States District Court for the Central District of California,* 163 F.3d 530, 541 (9th Cir.1998) (en banc), and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. *Miller v. New Jersey State Department of Corrections,* 145 F.3d 616, 618 (3rd Cir .1998). Thus, the mere fact that Cutts may have suffered from some mental deficiency, without more, is insufficient to justify equitable tolling. *Lawrence,* 421 F.3d at 1227.

*Id.*

9

mental disability was what prevented him from filing a timely habeas petition. *Contra Hunter*, 587 F.3d at 1308-10 (in which it was stated that the petitioner had a Full Scale IQ score of 59, "at the low-end of the mildly retarded range"; that the petitioner's "mental retardation moderately to severely impair[ed] his judgment, insight and problem-solving skills, which [made] him unable to function independently"; that "he [was] illiterate"; and that "he suffer[ed] from severe expressive speech aphasia which [made] it difficult for him to communicate intelligibly"); *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity. *See, e.g.*, *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence")).

Petitioner has presented no evidence in support of this allegation or shown any "causal connection" between the alleged mental incapacity and his ability to file a timely petition (*see Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005)), so he has not established that any "extraordinary circumstance" prevented him from seeking § 2254 relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Thus, the petition is barred by the AEDPA statute of limitations.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is

present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## IV. Conclusion

Petitioner has raised several claims in this petition. However, because this action was filed so long after his conviction, it is barred by the AEDPA statute of limitations. Therefore, it is **RECOMMENDED** that the Petitioner's Motion be **DENIED**. It is **FURTHER RECOMMENDED** that the court find that the petitioner is not entitled to a certificate of appealability and, therefore, is not entitled to appeal *in forma pauperis*.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of April 2015.

                                 */s/ Katherine P. Nelson*
                                 **KATHERINE P. NELSON**
                                 **UNITED STATES MAGISTRATE JUDGE**